FRANCIS A. HIGGINS, RESPONDENT, v. ELIZABETH EGG ET AL., APPELLANTS.

FRANCIS A. HIGGINS, RESPONDENT, v. ELIZABETH EGG ET AL., APPELLANTS.

Submitted December 9, 1914—Decided March 1, 1915.

1. By force of the act of April 2d, 1891 (page 276), and the revision of March 23d, 1900 (page 349), judges of the Common Pleas by virtue of their appointment as such become invested with power to hold the Circuit Court. This judicial authority is dependent solely upon the will of the legislature expressed in these acts and not upon the request of some member of the judicial department of the state.
2. The case of *Commonwealth Roofing Co.* v. *Palmer Leather Co.*, 67 *N. J. L.* 566, followed and applied.

On appeal from the Supreme Court, whose opinion is reported in 85 *N. J. L.* 56.

For the appellants, *D. E. Blankenhorn* and *Adolf L. Engelke*.

For the respondent, *James DeTurck* and *Frank W. Hastings, Jr.*

The opinion of the court was delivered by

GARRISON, J.   These two appeals grew out of the same action and present the same question, which is whether or not the judgment of the Circuit Court was a valid judgment.

The action was brought in the Circuit Court and the issue framed therein was tried by the judge of the Common Pleas; the judgment upon verdict for the plaintiff that was entered in the Pleas was, vacated by the Supreme Court and ordered to be entered in the Circuit Court.   This is the judgment that is attacked by the appellants upon the ground, *inter alia,* that the verdict was not rendered in the court in which the judgment is entered, nor the trial held under proper judicial authority.

In the Circuit Court there was a standing rule entered in the minutes that reads as follows: "The judge of the Court of Common Pleas is hereby requested to hold the Circuit in and for said county for the trial of any or all of the causes above referred to except such causes as shall be disposed of in the said Circuit Court and except all lien claim cases, in accordance with paragraphs 48 and 49, chapter 149, public laws, 1900.   Dated April 11th, 1913."

The Supreme Court upon an appeal that brought up the judgment entered in the Pleas held that this rule was a compliance with section 37 of the act of 1900, page 357 (*Comp. Stat., p.* 1717, § 56), which reads as follows: "The judge of any of the Courts of Common Pleas is hereby required and empowered to hold any County Circuit Court when thereunto requested by the justice of the Supreme Court within whose district the said Circuit Court shall be, and while exercising such jurisdiction the said judge of the Court of Common Pleas shall have and possess all the powers and

authority with which in that respect the said justice of the Supreme Court is by the laws of this state invested."

The difficulty presented by the fact that the request had not proceeded from the justice of the Supreme Court but from the Circuit Court judge was overcome in the opinion of the court below by the provision of section 40 of the act of 1900, page 358 (*Comp. Stat., p.* 1718, § 59), which invests the Circuit Court judges with the same authority, power and jurisdiction as is vested by law in the several justices of the Supreme Court by reason of their being judges of the said circuit courts.

It was thought that the requests to the judge of the Pleas was one of these powers, and that it was therefore exercisable by the Circuit Court judge. We are unable to concur in this view, chiefly because it treats the request of the justice of the Supreme Court as having a purpose that is at variance with the construction of this statute by this court in *Commonwealth Roofing Co.* v. *Leather Co.,* 67 *N. J. L.* 566, the syllabus of which is "Under that act (*Pamph. L.* 1900, *p.* 349) the judge of the Court of Common Pleas derives his authority to hold the Circuit Court, not from the request of the justice of the Supreme Court, but from his appointment as a judge of the Court of Common Pleas." And in the body of the opinion Mr. Justice Dixon further says that the request of the Supreme Court justice was "To provide against conflicting claims" and "was certainly not the source of the judicial authority of him who was entitled to act in his stead."

Such being the purpose of the required request, it cannot be shared with the Circuit Court judges or vested in them by force of section 40 of the act of 1900 (page 356), since to do so would be to frustrate the object of the request and to promote the very conflict it was designed to guard against, a view that is strongly re-enforced by the fact that in 1891 when this provision came into existence there were no Circuit Court judges, excepting the justices of the Supreme Court; the statute creating Circuit Court judges having been passed

in 1893, and the act of 1900 being merely a revision of the act of 1891.

While we are unable to concur in the reasons given by the court below for the judgment that it ordered, we nevertheless are of the opinion that such judgment should be affirmed upon the decision of this court in the Commonwealth Roofing Co. case. It was there decided that by force of the statutes referred to judges of the Common Pleas by virtue of their appointment and commission as such, became *ipso facto* Circuit Court judges and that the judicial authority thus superadded was derived solely from the legislature and not from the request of some member of the judicial department of the state. "In our judgment," the opinion runs, "the constitution, the statute and the appointment and commission completely vested in the judge the power to hold the Circuit Court." This being so, the judge of the Pleas in the present case was invested with power to hold the Circuit Court, notwithstanding the irregularity arising from the absence of a request by the justice of the Supreme Court.

Looking, therefore, solely at the judgment that is the subject of this appeal, we have this legal situation: An issue joined in the Circuit Court, a trial of such issue before a Circuit Court judge and a jury resulting in a verdict for the plaintiff, upon which the judgment now before us was entered in the Circuit Court. The attempt to reverse this judgment because of an irregularity that does not go to the question of jurisdiction or of judicial authority falls within the provision of the Practice act of 1912, which by its twenty-seventh section prohibits the reversal of a judgment for any error in procedure that did not affect the substantial rights of a party. By this we are bound.

We have examined the various trial errors that have been argued without discovering any that requires the reversal of the judgment upon its merits.

The judgment brought up by each of these appeals is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCH-ARD, MINTURN, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.   10.

*For reversal*—None.